UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE L. HURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12 C 3873 |
| | ) | |
| CORN PRODUCTS INTERNATIONAL, | ) | |
| RAYMOND DOOGAN, ANDREA BULANDA, | ) | |
| STEVE CARUSO, PATRICK GREENE and | ) | |
| JESSICA NEUMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Corn Products International's ("Corn Products"), Raymond Doogan's ("Doogan"), Andrea Bulanda's ("Bulanda"), Steve Caruso's ("Caruso"), Patrick Greene's ("Greene"), and Jessica Neuman's ("Neuman") (together "Defendants") motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). For the following reasons, the motion is granted.

## BACKGROUND[1]

Pro se Plaintiff Johnnie L. Hurns ("Hurns") brings this lawsuit against his former employer and several of its employees. He alleges that he was suspended and fired

---

[1] Plaintiff's Answer to the instant motion ("Answer") adds several details surrounding the events underlying his claims. A court is bound to consider additional facts set forth in a non-movant's opposing brief "so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Accordingly, the Court factors Plaintiff's additional allegations into this Memorandum Opinion to the extent they are consistent with those found in the complaint.

because he was a union steward. Hurns was employed at Corn Products as a dock worker. Sometime in September 2010, Caruso, a manager, instructed Hurns to label a load of resin and to unload the cargo in the "42IX column." Hurns complied. Pat Greene inspected the cargo a day or two later.

The following week, Caruso called Hurns into his office. With Greene also present, Caruso informed Hurns that he was being suspended for five days pending discharge for mislabeling the load of resin and for storing it in the incorrect location. Hurns responded that he was merely following Caruso's orders. Caruso left to speak with Doogan, a unit manager, in Doogan's office. Hurns asked Greene why he was being suspended and fired; Greene responded that he was only there to serve as a witness, and then left to go to Doogan's office. Hurns then confronted Neuman near Caruso's office, who refused to provide Hurns with any information.

Caruso returned to his office and told Hurns that an investigation had taken place on the Friday of the previous week, and that the suspension and discharge would proceed. Brad Johnson ("Johnson"), a non-party to this suit and apparently a Corn Products manager, entered Caruso's office, called a union steward into the office, and confirmed that he was being suspended and fired. The meeting ended, and Caruso escorted Hurns off the Corn Products premises.

A grievance hearing took place some days later in front of the human resources department ("HR"). Joining Hurns at the hearing were representatives from Corn Products and the union. During the hearing, Neuman distributed a print out that was intended to show that Hurns incorrectly loaded the resin into the 42IX column in order to accumulate overtime pay. In addition, Greene claimed that Hurns had previously refused to take a training test that Greene attempted to administer. Greene stated that Hurns merely initialed the test, and that he, Greene, later filled in the answers. Hurns alleges that Neuman and Greene lied.

The complaint also raises allegations relating to events commencing a year prior to the events of September 2010. Hurns alleges that he was the subject of another grievance hearing in 2009 (the "2009 hearing") as the responsible party for an unspecified incident. During the hearing, Doogan threatened to suspend Hurns unless Hurns submitted three ways that the incident could have been avoided. Hurns complied, but Doogan suspended him anyway. After learning of his suspension, Hurns spoke with Bulanda, an HR employee. He told her that he wanted to be transferred to another department because he felt that Doogan was unfairly targeting him. Hurns soon after submitted a formal request, but Bulanda took no action. Hurns asked Bulanda nine months later about the status of his transfer request. She replied that she never processed it because she knew all along that Hurns did not want to leave his department.

Hurns raises claims against Defendants under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185, the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and state common law. Defendants filed the instant motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6). With briefing completed, the Court assesses the merits of the motion.

## LEGAL STANDARD

In assessing a motion to dismiss, the Court accepts all well pled facts as true and draws all permissible inferences in the plaintiff's favor. *Agnew v. NCAA*, 683 F.3d 328, 334 (7th Cir. 2012). The plaintiff bears the burden of establishing that the Court has jurisdiction over its claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The Court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide

detailed factual allegations; he must only provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a claim must be facially plausible, a requirement that is satisfied if the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes the allegations in the complaint. *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999).

## DISCUSSION

### I.    FLSA

The Defendants argue that Hurns fails to state sufficient facts to state a cause of action under the FLSA. The FLSA "protect[s] all covered workers from substandard wages and oppressive working hours . . . ." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981) (*quoting* 29 U.S.C. § 202(a)). The complaint summarizes the circumstances culminating in Hurns's suspension and dismissal. Hurns makes no allegation suggesting that he was underpaid or overworked. The complaint therefore falls well short of stating a claim under the FLSA. The claim is dismissed.

### II.    LMRA

The Defendants assert that Hurns fails to state a claim under the LMRA. Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and

a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Generally, an employee suing an employer or his union for breach of a collective bargaining agreement must first exhaust grievance procedures under that agreement before seeking redress in a federal court. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965); *Vail v. Raybestos Prods. Co.*, 533 F.3d 904, 908 (7th Cir. 2008). Employees may nevertheless bring "hybrid" claims under section 301 against the union or employer if the union breaches its duty of fair representation to the employee. *DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 164 (1983). To survive a motion to dismiss, a hybrid claimant must allege: 1) a discharge contrary to a labor agreement, and 2) the union's breach of its duty of fair representation. *Wood v. Int'l Brotherhood of Teamsters, Local 406*, 807 F.2d 493, 502 (6th Cir. 1986) (*citing United Parcel Serv. Inc. v. Mitchell*, 451 U.S. 56, 62 (1981) (labeling a union's breach of fair representation as an "indispensable predicate" to a hybrid claim under section 301)). A union breaches its duty of fair representation if its conduct towards the employee was arbitrary, discriminatory, or in bad faith. *DelCostello*, 462 U.S. at 165.

Hurns alleges in the complaint that he was discharged due to his service as a union steward. Although Hurns makes several assertions in his Answer that pertain to the union president's conduct, none raise the inference that the president was involved

in any way with the employment action at the heart of this suit. Accordingly, the Defendants' motion is granted.

## III.    NLRA

The Defendants argue that the Court lacks subject-matter jurisdiction over Hurns's unfair labor practice ("ULP") charge brought under the NLRA. The National Labor Relations Board ("NLRB") "is vested with primary jurisdiction" to adjudicate over ULPs. *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982). District courts generally lack the authority to adjudicate conduct amounting to a ULP, and instead must "defer to the exclusive competence of the National Labor Relations Board." *Id.* (citation omitted); *see also* 29 U.S.C. §§ 157, 158. A district court may nevertheless claim jurisdiction over a ULP if a plaintiff brings a related claim under section 301 of the LMRA. *McCarthy v. Sunset Food Mart*, No. 94-C-6459, 1994 U.S. Dist. LEXIS 17166, at *9 (N.D. Ill. Nov. 23, 1994).

Hurns  fails to state a viable claim under section 301 of the LMRA. The NLRB therefore retains exclusive jurisdiction the ULP charge. Defendants' motion to dismiss is granted. If Hurns wishes to have his ULP charge heard by a tribunal, he must file it with the NLRB.

- 7 -

IV.     **State Law Claims**

With each of Hurns's federal law claims dismissed, the Court declines to exercise supplemental jurisdiction over state common law claims.  *See* 28 U.S.C. § 1367(c); *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010).  Hurns's state law claims are therefore dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed in its entirety.


_____
Charles P. Kocoras
United States District Judge


Dated:   November 20, 2012